ORIGINAL

Lisa S. Kantor, Esq. State Bar No. 110678
e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. - State Bar No. 199634
e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
(818) 886-2525 (TEL)
(818) 350-6272 (FAX)

Attorneys for Plaintiff,
BRUCE TALLEY

FILED
2008 FEB -1 PM 3: 19
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE TALLEY,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; U.S. BANCORP LONG TERM DISABILITY PLAN,<br><br>Defendants. | CASE NO: '08 CV 0202 H NLS<br><br>COMPLAINT FOR:<br><br>(1) BENEFITS, PREJUDGMENT AND POSTJUDGMENT INTEREST, ATTORNEYS' FEES AND COSTS UNDER THE *EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974*, 29 U.S.C. § 1132(a)(1)(B);<br>(2) DECLARATORY RELIEF, ATTORNEYS' FEES AND COSTS UNDER THE *EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974*, 29 U.S.C. § 1132(a)(1)(B); |

Plaintiff, BRUCE TALLEY, herein sets forth the allegations of his Complaint against Defendants, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY and U.S. BANCORP LONG TERM DISABILITY PLAN.

## GENERAL ALLEGATIONS

1. This action is brought under 29 U.S.C. §§ 1132(a), (c), (e), (f) and (g) of the *Employee Retirement Income Security Act of 1974* (hereinafter "ERISA") as it is brought for the purpose of obtaining benefits under the terms of an ERISA plan; to clarify and enforce Plaintiff's past, present and future rights to benefits under an ERISA plan; for statutory penalties for failure to timely respond to a request for information under ERISA; for prejudgement and postjudgment interest; and for attorneys' fees and costs. Jurisdiction is proper under 29 U.S.C. § 1132(e) as well as 28 U.S.C. § 1331, as this action involves a federal question.

2. Plaintiff was at all times relevant, an employee of U.S. Bancorp, and a resident and citizen of the County of San Diego. Plaintiff is currently residing in San Diego County.

3. Plaintiff is informed and believes that Defendant, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ("PROVIDENT"), is a corporation with its principal place of business in the Chattanooga, Tennessee, authorized to transact and transacting business in the Southern District of California and can be found in the Southern District of California. PROVIDENT is the insurer of benefits under the LTD Plan, Policy Number 125311 effective January 1, 1999. Defendant, PROVIDENT is also a Plan fiduciary as defined under ERISA.

4. Plaintiff is informed and believes that Defendant U.S. BANCORP LONG TERM DISABILITY PLAN, (hereinafter "LTD Plan") is an employee welfare benefit plan regulated by ERISA, established by U.S. Bancorp, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits under. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains totally disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

**FIRST CAUSE OF ACTION**
**FOR ERISA BENEFITS, PREJUDGMENT AND POSTJUDGMENT INTEREST, ATTORNEYS' FEES AND COSTS**
**(29 U.S.C. § 1132(a)(1)(B))**

6. Plaintiff incorporates by reference paragraphs one through five as though fully set forth herein.

7. Plaintiff was employed by U.S. Bancorp. At all times relevant, Plaintiff was entitled to benefits under the terms and conditions of the LTD Plan and other employee benefit plans established and maintained by U.S. Bancorp. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff totally disabled as defined under the terms of the LTD Plan.

8. At all times herein mentioned, Plaintiff was a covered participant under the terms and conditions of the LTD Plan. On or about October 2002, Plaintiff sustained an injury which rendered him incapable of performing the material and substantial duties of his occupation.

9. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to PROVIDENT and began receiving LTD benefits under the Plan. On May 16, 2007, Plaintiff's claim for LTD benefits were terminated by PROVIDENT. Plaintiff appealed this determination and on January 17, 2008 PROVIDENT erroneously and wrongfully continued to uphold its prior determination terminating Plaintiff's claim for LTD benefits.

10. Defendants, PROVIDENT and LTD Plan, wrongfully denied Plaintiff's claim in the following respects:

(a) Failure to pay LTD benefit payments to Plaintiff at a time when PROVIDENT and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and PROVIDENT had such knowledge, PROVIDENT denied Plaintiff's LTD benefits;

(b) Withholding LTD benefits from Plaintiff knowing Plaintiff's claim was valid, for the reasons set forth in subparagraph (a) above;

(c) Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of Plaintiff's claims for LTD benefits;

(d) After Plaintiff's claim was denied in whole or in part, PROVIDENT failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(e) Concealing and withholding from Plaintiff the notice requirements PROVIDENT and the LTD Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(e) - (g), inclusive; and

(f) Failing to properly and adequately investigate the merits of Plaintiff's disability claim.

11. Plaintiff is informed and believes and thereon alleges that these named defendants wrongfully denied his disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make defendants aware of once said acts or omissions are discovered by Plaintiff.

12. Following the denial of Plaintiff's disability claim under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

13. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and PROVIDENT, and each of them, Plaintiff has damages for loss of disability benefits and cost of living increases in a total sum to be shown at the time of trial.

14. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

**SECOND CAUSE OF ACTION AGAINST**
**FOR DECLARATORY RELIEF, ATTORNEYS' FEES AND COSTS**
**UNDER ERISA (29 U.S.C. § 1132(a)(1)(B))**

15. Plaintiff refers to and incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

16. A controversy now exists between PROVIDENT and/or the LTD Plan on the one hand and Plaintiff on the other as to whether Plaintiff is disabled under the terms of the LTD Plan. Plaintiff seeks a declaration by this Court that Plaintiff meets the LTD Plan definition of disability and was and is entitled to continued LTD benefits from Defendant PROVIDENT and/or the LTD Plan. Plaintiff further seeks a declaration by this Court that if in fact Plaintiff is found to have been and continued to remain disabled under the terms of the controlling Plan documents, that all benefits provided under the Plan while a participant is disabled, be reinstated retroactive to the date Plaintiff's disability benefits should have been awarded.

17. As a direct and proximate result of the failure of the LTD Plan and/or PROVIDENT to pay disability benefits to Plaintiff, and the resulting injuries and

damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) Restitution of all past benefits and cost of living increases due to Plaintiff under the LTD Plan, plus prejudgment and postjudgment interest at the lawful rate;

(b) A mandatory injunction issued requiring defendants LTD Plan and PROVIDENT to immediately qualify Plaintiff for past disability benefits under the LTD Plan, and to continue such qualification for so long as Plaintiff remains totally disabled under the terms of the Plan; and

(c) Such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a disabled employee and/or participant under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits, including cost of living increases, due Plaintiff, including any and all prejudgment and postjudgment interest;

2. A declaration that Plaintiff is disabled under the terms of the LTD Plan and entitled to receive benefits for the same while Plaintiff is, was and continues to remain disabled;

3. For injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the LTD Plan;

4. Cost and attorneys fees incurred in pursuing this action as authorized by 29 U.S.C. § 1132(g);

5. Prejudgement and postjudgment interest as allowed for under ERISA; and

6. For such other and further relief as this Court deems just and proper.

DATED: February 1, 2008

KANTOR & KANTOR, LLP

Lisa S. Kantor
Attorney for Plaintiff
Bruce Talley

JS 44 (Rev. 11/04)

ORIGINAL

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BRUCE TALLEY

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kantor & Kantor LLP, 19839 Nordhoff Street, Northridge, CA 91324

## DEFENDANTS

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY

FILED
2008 FEB -1 PM 3:24
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY

County of Residence of First Listed Defendant Tennessee
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 0202 H NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
29 U.S.C. §1132(a)(1)(B)

Brief description of cause:
Action Under ERISA for long term disability benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ________ DOCKET NUMBER ________

DATE
02/01/2008

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # 147162 AMOUNT 350. APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

2/1/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 147162 - SR
* * C O P Y * *
February 01, 2008
15:23:02

Civ Fil Non-Pris
USAO #.: 08CV0202 CIV. FIL.
Judge..: MARILYN L HUFF
Amount.: $350.00 CK
Check#.: BC#3138

Total-> $350.00

FROM: TALLEY V. PROVIDENT LIFE AND
ACCIDENTAL INS. CO.
CIV. FIL.