Burke, Williams & Sorensen, LLP
Stephen H. Galton, (SBN 046732)
sgalton@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: 213.236.0600
Facsimile: 213.236.2700

Attorneys for Defendants Provident Life and Accident Insurance Company and U.S. Bancorp Long Term Disability Plan

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRUCE TALLEY,<br><br>Plaintiff,<br><br>v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; U.S. BANCORP LONG TERM DISABILITY PLAN,<br><br>Defendants. | Case No. 08 CV 0202 H NLS<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants Provident Life and Accident Insurance Company ("Provident") and U.S. Bancorp Long Term Disability Plan ("the Plan") [collectively "Defendants"] answer the Complaint herein by admitting, denying, and alleging as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## ANSWERS TO GENERAL ALLEGATIONS

1. Answering paragraph 1, Defendants admit that this action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA") and that jurisdiction is proper in that this action involves a federal question. Except as expressly admitted, Defendants deny the remaining allegations of said paragraph.

2. Answering paragraph 2, Defendants admit that Plaintiff began an employment relationship with U.S. Bancorp in or about January 2001 and that Plaintiff from time to time has resided in San Diego County, California. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph and they deny said allegations on that basis.

3. Answering paragraph 3, Defendants admit that Provident is a corporation, organized under the laws of the State of Tennessee, with its principal place of business located in Chattanooga, Tennessee, and that Provident is licensed and authorized to transact and is transacting business in San Diego County, State of California, and within this judicial district. Provident admits further that it issued group policy number 125311-0001 ("the LTD Policy") to U.S. Bancorp effective January 1, 1999.

4. Answering paragraph 4, Defendants admit that U.S. Bancorp Long Term Disability Plan is an employee welfare benefit plan regulated by ERISA, under which Plaintiff became a participant by virtue of his employment with U.S. Bancorp. Defendants admit further that the Plan is doing business in this judicial district. Defendants refer to the LTD Policy itself as the best evidence as to the

/ / /

terms and provisions thereof. Except as expressly admitted and alleged, Defendants deny the remaining allegations of said paragraph.

5. Answering paragraph 5, Defendants admit that venue is proper in this judicial district.

**ANSWERS TO ALLEGATIONS OF FIRST COUNT**

6. Answering paragraph 6, Defendants refer to and incorporate herein by this reference their answers to paragraphs 1 through 5 of the Complaint herein.

7. Answering paragraphs 7, 8, and 9, Defendants admit and allege that Plaintiff, as an employee of U.S. Bancorp, was covered under the Plan and submitted a claim for long term disability benefits in or about October 2002. Defendants allege further that they paid benefits to Plaintiff under the Plan through April 30, 2007, based upon his representations that he was totally disabled from his occupation. Defendants allege further that on May 16, 2007, Defendants terminated LTD benefits to the Plaintiff, for good and sufficient reasons, and that thereafter Plaintiff appealed this determination and that on January 17, 2008, Defendants, for good and sufficient reasons, reaffirmed their determination that Plaintiff was not entitled to benefits under the LTD Policy. Except as expressly admitted and alleged, Defendants deny the remaining allegations of said paragraph.

8. Answering paragraph 10, Defendants deny each and every allegation thereof.

9. Answering paragraph 11, Defendants deny each and every allegation thereof.

10. Answering paragraph 12, Defendants admit that Plaintiff appealed Provident's May 16, 2007 determination that he was not entitled to benefits under the LTD Policy. Except as expressly admitted and alleged, Defendants deny the remaining allegations of said paragraph.

11. Answering paragraph 13, Defendants deny each and every allegation thereof.

12. Answering paragraph 14, Defendants deny each and every allegation thereof.

**ANSWER TO ALLEGATIONS OF SECOND COUNT**

13. Answering paragraph 15, Defendants refer to and incorporate herein by this reference their answers to paragraphs 1 through 14 of the Complaint herein.

14. Answering paragraph 16, Defendants admit that a controversy exists between Provident and/or the Plan on the one hand, and Plaintiff on the other, as to whether Plaintiff is disabled under the terms of the LTD Policy. Defendants deny Plaintiff's characterization of the nature of the dispute, and they seek a declaration by this Court that Plaintiff is not totally disabled within the meaning of the LTD Policy, that he has received all benefits to which he is entitled, that Plaintiff is entitled to no further relief under the Plan or under the provisions of ERISA, and that Defendants have fulfilled all of their obligations in a reasonable and good faith manner.

15. Answering paragraph 17, Defendants deny each and every allegation thereof.

**FIRST AFFIRMATIVE DEFENSE**

16. The alleged Second Count of the Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

17. The LTD Policy expressly delegated to Provident discretionary authority to interpret and resolve all questions arising out of the administration, interpretation, and application of the LTD Policy, including the right to determine eligibility for coverage, entitlement to benefits, the amount of benefits payable, and the sufficiency and amount of information required. Defendants handled Plaintiff's claim in a fair and reasonable manner and did not abuse their discretion in determining Plaintiff's eligibility for benefits or in interpreting the terms of the LTD Policy.

WHEREFORE, Defendants Provident Life and Accident Insurance Company and U.S. Bancorp Long Term Disability Plan pray as follows:

(1) That Plaintiff take nothing by reason of his Complaint and that said Complaint be dismissed with prejudice;

(2) That Defendants recover their costs of suit and attorneys' fees in defending this action; and

/ / /

/ / /

/ / /

/ / /

(3) For such other and further relief as the Court deems proper.

Dated: March 26, 2008

Burke, Williams & Sorensen, LLP

By: */s/ Stephen H. Galton*
Stephen H. Galton
Attorneys for Defendants
Provident Life and Accident Insurance Company and U.S. Bancorp Long Term Disability Plan