Burke, Williams & Sorensen, LLP
Stephen H. Galton (SBN 046732)
sgalton@bwslaw.com
Keiko J. Kojima (SBN 206595)
kkojima@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: 213.236.0600
Facsimile: 213.236.2700

Attorneys for Defendants Provident Life and Accident Insurance Company and U.S. Bancorp Long Term Disability Plan

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRUCE TALLEY,<br>Plaintiff,<br>v.<br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; U.S. BANCORP LONG TERM DISABILITY PLAN,<br>Defendants. | Case No. 08-CV-0202-H-NLS<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIM**<br>**[Filed concurrently with: Notice of Motion and Motion; Declaration of Stephen H. Galton; Proposed Counterclaim; Proposed Order]**<br>Date: September 2, 2008<br>Time: 10:30 a.m.<br>Ctrm: 13 |

Defendants/Proposed Counterclaimants Provident Life And Accident Insurance Company ("Provident") and U.S. Bancorp Long Term Disability Plan (the “Plan”) hereby submit the following memorandum of points and authorities in support of their motion for leave to file a counterclaim for fraud, concealment, negligent misrepresentation, and unjust enrichment.

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises from the denial of benefits under a group long-term disability ("LTD") policy issued by Provident to U.S. Bancorp, who established and maintained an employee welfare benefit plan on behalf of its eligible employees. Plaintiff and Proposed Counterdefendant Bruce Talley ("Talley") was a participant under the plan and was insured for LTD benefits under the Provident policy.

In April 2003, Talley filed an LTD claim with Provident, claiming to be unable to perform his occupation as a financial advisor due to severe depression and anxiety. He claimed that his last date of work was October 29, 2002. Based on Talley's representations, Provident began paying his claim after the 180-day elimination period. Over the next four years, while his claim was continuing to be paid, Talley represented to Provident that he was disabled, was unable to work, and was not working. He claimed that he had cognitive problems and a mood disorder which prevented him from working, could not concentrate on complex tasks for any significant length of time, and could not remember important details.

Provident obtained multiple independent medical examinations and medical reviews to evaluate his claim. After its review, Provident determined that Talley did not satisfy the definition of disability under the policy. His benefits were terminated effective April 30, 2007. Provident's decision was upheld on appeal.

On or about January 18, 2008, Provident discovered that contrary to Talley's claims of mental impairment and depression, he was actually working as a real estate developer in Russia. As further explained by his website, Talley has

established companies in Russia, purchased property in Russia, and sought financial partners for development projects.

Talley filed this lawsuit against Provident and the Plan under ERISA, seeking the recovery of plan benefits. Both Defendants have answered. However, in light of Talley's work activities in Russia, Defendants now seek leave to amend to file a counterclaim for fraud, concealment, negligent misrepresentation, and unjust enrichment. Defendants have asked Talley to stipulate to permit the filing of the counterclaim, but Talley refuses, rendering this motion necessary.

## II. STATEMENT OF FACTS

### A. The Claims and Their Payment

In April 2003, Talley submitted a claim for disability stating that he had been unable to work since October 29, 2002 due to severe depression and anxiety. (32)[1] His psychologist, Dr. Diana Weiss, filled out an Attending Physician Statement stating that Talley could not perform his previous job duties of selling bonds, because it caused him increased agitation, feelings of hopelessness and low self-worth. (34) Further, he could not concentrate on complex tasks for any significant length of time and could not remember important details. Apparently, Talley was employed previously with another investment firm which had engaged in underwriting a series of fraudulent bond issues from about 1996 to 1999. As a result, Talley was named in several lawsuits and arbitrations, had lost all of his major clients and was facing judgments and bankruptcy. (36-38) Based on the

[1] Relevant numbered pages from the claim file are attached to the Declaration of Stephen H. Galton as Exhibit "B."

representations of his doctors, Provident began paying Talley's claim as of April 28, 2003, after the 180-day elimination period. (312-315)

In 2004, Talley started asserting that he also was disabled from ulcerative colitis, which caused occasional diarrhea. (391; 422) His gastroenterologist, Dr. Roseman, suggested that Talley avoid stress as much as possible. The colitis was in remission as of January 2005.

Talley's doctors continued to support his disability, finding that he had marked anxiety and mistrust of working with people in the financial industry, that he was unable to perform under stress due to lack of self-confidence and reduced ability to focus, and that he was disorganized. On February 15, 2005, Talley's new psychiatrist, Daniel Gardner, M.D., noted that he could not sell investment products to the public, but would eventually like to work in an area outside the financial industry, which would have to wait until his depression lifted.

In April 2005, Talley's claim was referred for a psychiatric independent medical examination ("IME"). When Provident called Talley to arrange the IME, Talley's attorney suggested the possibility of a discounted lump-sum settlement.

A neuropsychological IME was conducted in November 2005 by Shaul Saddick, Ph.D. Dr. Saddick found that the objective data did not support the presence of a cognitive dysfunction and that it suggested the presence of substantial exaggeration of both cognitive and psychological-emotional symptomatology.

A psychiatric IME was performed by Mathew Carroll, M.D. in December 2005. (943-962) Dr. Carroll opined that Talley had suffered a major depression, but that his symptoms had improved as he resolved most of the lawsuits. Dr.

Carroll found that Talley was very bitter, angry and disillusioned over his work in the financial industry and he had absolutely no desire to return to it. The doctor found this to be primarily an occupational problem rather than a major depressive disorder. (958-959; 961) Further medical reviewers concurred with Dr. Saddick and Dr. Carroll's assessments.

Talley's attorney, who was provided with the IME reports, asserted that the IME physicians were biased. He and Provident agreed that Talley would undergo repeat IMEs, with the psychiatrist chosen by Talley's attorney, and a neuro-psychologist chosen by Provident.

A neuropsychological evaluation was conducted by John T. Beck, Ph.D. on February 2, 2007. Dr. Beck concluded that it was clear that Talley no longer presented with any significant neuropsychological or cognitive difficulties.

Talley underwent a psychiatric IME with his chosen doctor, Dr. Alexander C. Green, on February 23, 2007. Dr. Green concluded that there were no restrictions or limitations in Talley's potential ability, related to mental illness, precluding him from working in the financial industry.

Based on the foregoing information, Talley's claim was denied on May 16, 2007. On July 17, 2007, Talley's new attorneys, Kantor & Kantor, wrote Provident formally appealing the denial of Talley's claim. Provident's medical consultant, Beth Schnars, M.D., reviewed the medicals and opined that there was no support for continued impairment from a general medical perspective. A neuropsychologist medical consultant, D. Malcolm Spica, Ph.D., also reviewed the records and found that Talley was not impaired, restricted or limited on a neurocognitive basis.

/ / /

On January 17, 2008, Provident sent a letter to Talley's attorneys, stating that the appeal had been denied and that Provident's original decision to deny further benefits had been upheld.

**B. Talley's Real Estate Ventures**

On or around January 18, 2008, Provident discovered that contrary to Talley's claims of mental impairment and depression, he was actually working as a real estate developer in Russia. (1634-1665) Very tellingly, his website, www.blackseadevelopment.com, promotes various business investment opportunities in Russia, and reveals the following:

> "I have spent the last 5 years living and traveling in the Russian Federation, learning the language and culture and making personal and business contacts. During this time I have seen the country change very quickly. Russia's natural resources have given the country a huge currency reserve and a strong economy. Moscow is now one of the most rapidly growing cities in the world. Construction, manufacturing and retail have exploded there. However, other regions are beginning to experience this type of growth and development. I believe there are great opportunities in land ownership and real estate development in these regions, as well as Moscow. To that end, I have established companies in Russia, purchased property and identified areas of opportunity, including specific ventures. My network in Russia is constantly searching for projects with great potential. I am seeking financial partners to invest in the best." (1634)

Thus, during the time Talley claims to have been disabled, he was actually founding businesses, buying property, and conducting business meetings in Russia. This level of activity belies his representations to Provident that he was severely depressed and unable to work.

**C. <u>This Litigation</u>**

On February 1, 2008, Talley filed a lawsuit against Provident and the Plan, asserting causes of actions under ERISA seeking the recovery of plan benefits, attorney's fees, and prejudgment interest. Defendants' answer was filed on March 26, 2008.

The discovery cut-off is January 30, 2009, the pre-trial motions deadline is March 2, 2008, and the pre-trial conference is set for May 4, 2009. The trial date has not been set.

## III. <u>THE COURT SHOULD ALLOW DEFENDANTS TO FILE THE COUNTERCLAIM</u>

Federal Rule of Civil Procedure 15 governs the amendment of pleadings and provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed, a party may move to amend its pleading even after the judgment to conform to the evidence, and even a failure to request amendment of the pleading will not affect the result of issues actually tried. *See* Fed. R. Civ. P. 15(b).

The policy of permitting amendments to pleadings is to be applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d

1074, 1079 (9th Cir. 1990). "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of So. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981). Further, to justify denial of leave to amend, the prejudice must be substantial. *Morongo Band*, supra.

Rule 15 assures that cases are heard on their merits and avoids injustice which results from strict adherence to technical pleading requirements. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227 (1962). Rule 15 reflects the limited role of federal pleadings. Their purpose is simply to provide the parties with fair notice of the general nature and type of the pleader's claim or defense. As long as such notice has been provided, the pleadings should not limit the pleader's claims or defenses. *Id.*

In this case, Provident and the Plan seek leave to file a counterclaim for fraud, concealment, negligent misrepresentation, and unjust enrichment against Talley based on his misrepresentations concerning his claimed mental state and inability to work. Although Plaintiff has sued Defendants for benefits under ERISA, they are entitled to allege a counterclaim against Talley for state law causes of action to recover damages caused by his misconduct. The state law claims are not preempted by ERISA. *See Trustees of the AFTRA Health Fund v. Biondi*, 303 F.3d 765, 770 (7th Cir. 2002) (allowing plan fiduciaries to recoup monies that the fund improperly expended as a result of a plan participant's fraudulent conduct; state law claims were not preempted by ERSIA); *Prakash v. Pulsent Corp. Employee Long Term Disability Plan*, 2007 WL 1864464 (N.D.Cal. 2007). (permitting insurer to assert counterclaim for fraud against ERISA participant because claims were not preempted by ERISA). In *Prakash*, the insurer filed a

counterclaim to recover disability payments made to the plaintiff under a group policy governed by ERISA. While investigating the claim, the insurer allegedly uncovered evidence that the plaintiff had been capable of working for much of the time she received benefits. The court allowed the counterclaim to proceed, holding that the insurer's state law claims were not preempted by ERISA. Similarly, here, Defendants' state law claims against Talley should be allowed to proceed.

Allowing the proposed amendments is in the interest of justice. There will not be any prejudice or delay. As the discovery cut off expires on January 30, 2009, there is ample time for all parties to conduct investigation and discovery regarding the new issues. Further, to the extent (if any) that any party incurs any prejudice, that prejudice certainly cannot be characterized as "substantial," and can easily be "cured," e.g., by a short continuance of the discovery cut off and/or other procedural dates.

## IV. CONCLUSION

Given the policy of allowing liberal amendments and the lack of prejudice to any party, permitting the proposed counterclaim is in the interest of justice. Defendants respectfully request that leave be granted and that the filing of their

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

proposed counterclaim (attached as Exhibit "A" to the Declaration of Stephen H. Galton in support of this motion) be allowed.

Dated: July 30, 2008

Burke, Williams & Sorensen, LLP
Stephen H. Galton
Keiko J. Kojima

By: */s/ Stephen H. Galton*
Stephen H. Galton
Attorneys for Defendants Provident Life and Accident Insurance Company and U.S. Bancorp Long Term Disability Plan