**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BRUCE TALLEY,

Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; U.S. BANCORP LONG TERM DISABILITY PLAN,

Defendants.

CASE NO. 08-CV-0202 H (NLS)

**ORDER REGARDING BRIEFING ON COUNTERCLAIM ISSUE**

Before the Court is Defendants' motion for leave to file a counterclaim against Plaintiff Bruce Talley (Doc. No. 13). Defendants and Proposed Counterclaimants Provident Life and Accident Insurance Company ("Provident") and U.S. Bancorp Long Term Disability Plan (the "Plan") wish to file a claim against the Plaintiff for fraud, concealment, negligent misrepresentation and unjust enrichment. On September 5, 2008, Plaintiff filed a non-opposition to the instant motion.

In arguing that their counterclaim is not preempted by ERISA, Defendants rely on a Seventh Circuit case and an unpublished case from the Northern District of California. (Mot. 7.) In Prakash v. Pulsent Corp. Employee Long Term Disability Plan, 2007 WL 1864464 (N.D. Cal. 2007)(unpublished), a district court allowed a similar fraud counterclaim to proceed. The Prakash court cited Arizona State Carpenters Pension Trust Fund v. Citibank,

125 F.3d 715 (9th Cir. 1997) for the proposition that "laws of general application are not preempted when common law imposes a duty of care, regardless of the nature of the parties." Prakash, 2007 WL 1864464 at *3. The Citibank decision, however, seems to turn on the fact that the state law claims before it did not affect relations among the principal ERISA entities. 125 F.3d at 724.

Additionally, there is Ninth Circuit case law suggesting that fraud claims are typically preempted by ERISA. Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030 (9th Cir. 2000); Olson v. General Dynamics Corp, 960 F.2d 1418 (9th Cir. 1991).

The Court requests that both parties submit additional briefing by September 25, 2008 on the question of whether Defendants' proposed counterclaims are preempted by ERISA in light of the above-cited cases. Any subsequent reply briefs should be filed no later than October 2, 2008.

In light of the need for additional briefing, the Court vacates the motion hearing on September 15, 2008.

IT IS SO ORDERED.

DATED: September 11, 2008

Marilyn L. Huff

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT